7 F.3d 233
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry Dean DUSENBERY, Plaintiff-Appellant,
v.
John GRAVES; Patrick Walsh; Helen Lukacs, Defendants-Appellees.
 No. 93-3011.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1993.
 
 1
 Before: MARTIN and BOGGS, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Larry Dean Dusenbery, a pro se federal prisoner, appeals a district court order dismissing his civil rights complaint filed under multiple civil rights statutes and the doctrine enunciated in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, Dusenbery sued multiple county and federal officials contending that they illegally monitored his telephone conversations while he was incarcerated in an Ohio jail; illegally monitored his telephone conversations while he was incarcerated in an Ohio jail; illegally opened his mail; denied him access to a law library; denied him access to the courts; denied him a visit from his mother; stole his mail; obstructed justice; committed fraud; conspired to deprive him of his constitutional rights; denied him legal size envelopes; and limited him to ten pre-stamped envelopes per week. He did not state in what capacity he sued the defendants. Dusenbery alleged that defendants' actions violated his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. He also alleged that defendants' actions resulted in him suffering extreme mental anguish and emotional distress in violation of Ohio tort laws.
 
 
 4
 The defendants moved for summary judgment which Dusenbery opposed. The district court granted defendants' motions and dismissed the case. In his timely appeal, Dusenbery argues that the district court erred by granting defendants' motions for summary judgment without affording him the opportunity to engage in discovery and that the district court erroneously concluded that his due process rights were not violated when he was denied a visit from his mother.
 
 
 5
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once a party has moved for summary judgment and has met its burden of production, the non-moving party must present significant probative evidence to establish a genuine issue of material fact. Celotex Corp., 477 U.S. at 324; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986).
 
 
 6
 Upon review, we vacate and remand the district court's order because the visitation issue was improperly dismissed. The district court incorrectly granted summary judgment for defendants by relying on a federal visitation policy, 28 C.F.R. § 540.44. This regulation is not applicable to prisoners at the Lake County (Ohio) jail. Furthermore, the record is unclear as to the reasons for the denial of the visit. Therefore, without expressing any opinion as to the merits of the claim, we remand the case for further proceedings. As for Dusenbery's argument that he was given an insufficient opportunity to engage in discovery, the issue is moot in light of our decision to remand.
 
 
 7
 Accordingly, we vacate and remand the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation