37 F.3d 1498
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Larry Dean DUSENBERY, Plaintiff-Appellant,
v.
John GRAVES; Patrick Walsh; Helen Lukacs, Defendants-Appellees.
 No. 94-3054.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1994.
 
 Before: MILBURN and DAUGHTREY, Circuit Judges, and WEIS, Senior Circuit Judge.*
 
 ORDER
 
 1
 Larry Dean Dusenbery appeals the summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983 and under the authority enunciated in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 390-97 (1971). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff filed his complaint in the district court alleging, inter alia, that the defendant federal and county officials conspired to refuse him a visit from his mother while he was incarcerated in the Lake County Jail. Initially, the district court granted summary judgment for defendants, and plaintiff appealed the judgment to this court. On appeal, this court vacated the judgment with respect to plaintiff's claim that he was denied visitation from his mother and remanded the case for further proceedings. Dusenbery v. Graves, No. 93-3011, 1993 WL 413467 (6th Cir. Oct. 15, 1993).
 
 
 3
 Following remand, defendants filed a renewed motion for summary judgment, and plaintiff responded in opposition. The district court again granted summary judgment for defendants, and plaintiff filed a timely notice of appeal. Thereafter, the district court certified that an appeal in this case would not be taken in good faith, see 28 U.S.C. Sec. 1915(a), and denied plaintiff leave to appeal in forma pauperis. Likewise, this court denied plaintiff pauper status. Plaintiff has now paid the filing fee.
 
 
 4
 A grant of summary judgment will be reviewed de novo on appeal. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Generally, summary judgment is proper where " 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law.' " Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988) (quoting Fed.R.Civ.P. 56(c)). Only factual disputes which may have an effect on the outcome of a lawsuit under substantive law are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be "genuine," a dispute must involve evidence upon which a jury could find for the nonmoving party. Id.
 
 
 5
 Upon consideration, the judgment of the district court is affirmed for the reasons stated in its memorandum of opinion filed December 15, 1993. While jail policy arguably provides prisoner's a limited right to visitation from unspecified immediate family members, it is submitted that jail inmates have no liberty interest in visitation from any particular immediate family member because the policy places no substantive limitations on official discretion with "specific substantive predicates" in this respect. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 463 (1989); Olim v. Wakinekona, 461 U.S. 238, 249 (1983); Inmates of Orient Correctional Inst. v. Ohio State Adult Parole Auth., 929 F.2d 233, 237 (6th Cir.1991). Further, plaintiff's claims on appeal with respect to discovery, appointment of counsel and leave to amend his complaint are unsubstantiated and are without merit.
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph F. Weiss, Jr., Senior Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation